UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ALVARADO, | CASE NO. C25-1301JLR |
| Plaintiff, | ORDER |
| v. | |
| RON DURGAN, et al., | |
| Defendants. | |

Before the court are in personam Defendants Ron Durgan and Ron Dawn's Boat, LLC's ("Defendants") motion to dismiss (MTD (Dkt. # 4)) and Plaintiff Michael Alvarado's motion to change venue (MCV (Dkt. # 7)).  Neither party responded to the other party's motion.  (*See generally* Dkt.)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Mr. Alvarado's motion to change venue and DENIES Defendants' motion to dismiss.

ORDER - 1

1    Mr. Alvarado raises claims against Defendants for Jones Act personal injury,
2 unseaworthiness, maintenance and cure, and wrongful discharge arising from an incident
3 in which he fell through the engine room hatch on Defendants' vessel and sustained
4 injuries.  (*See generally* Compl. (Dkt. # 1).)  Mr. Alvarado asserts that this court has
5 personal jurisdiction over Defendants because he is a resident of Indiana and Defendants
6 do business in this District.  (*Id.* ¶¶ 2, 4-5.)

7    Defendants urge the court to dismiss this matter because the court lacks personal
8 jurisdiction over them.  (*See generally* MTD.)  According to Defendants, Mr. Durgan is a
9 resident of Alaska with no contacts with Washington; Ron Dawn's Boat, LLC is an
10 Alaska limited liability company that does not do business in Washington; the vessel at
11 issue in this case does not travel to Washington; and Mr. Alvarado did not suffer any
12 injuries in Washington.  (*See id.* at 2-4 (citing Durgan Decl. (Dkt. # 6); Krisher Decl.
13 (Dkt. # 5) ¶ 5).)  They also seek an award of attorneys' fees based on Mr. Alvarado's
14 "frivolous" assertion of personal jurisdiction in Washington.  (*See id.* at 10 (citing RCW
15 4.28.185(5) ("In the event the defendant is personally served outside the state . . . , and
16 prevails in the action, there may be allowed to the defendant as part of the costs of
17 defending the action a reasonable amount to fixed by the court as attorneys' fees.")).)

18    Rather than oppose the motion, Mr. Alvarado asks the court to transfer this matter
19 to the District of Alaska based on Defendants' evidence that they reside in that District.
20 (*See generally* MCV.)  Defendants did not respond to Mr. Alvarado's motion.  (*See*
21 *generally* Dkt.)

22

The court grants Mr. Alvarado's request to transfer this matter to the District of Alaska. A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1631, a court that lacks personal jurisdiction over a civil action must transfer the action "if (1) the court to which the action is to be transferred would have had jurisdiction 'at the time [the action] was filed,' and (2) 'it is in the interest of justice' to transfer." *Munns v. Kerry*, 782 F.3d 402, 414 (9th Cir. 2015) (quoting 28 U.S.C. § 1631). Here, Defendants have produced evidence establishing that they are domiciled in the District of Alaska and they do not oppose Mr. Alvarado's motion to change venue. (*See generally* Durgan Decl.; *see generally* Dkt.); *see* Local Rules W.D. Wash. LCR 7(b) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Accordingly, the court concludes that transfer to the District of Alaska is warranted.

Therefore, for the foregoing reasons, the court GRANTS Mr. Alvarado's motion to change venue (Dkt. # 7) and DENIES Defendants' motion to dismiss (Dkt. # 4). Because Mr. Alvarado agrees with Defendants that personal jurisdiction lies in the District of Alaska, the court DENIES Defendants' request for an award of attorneys' fees.

//
//
//
//

1  The Clerk is DIRECTED to effect the transfer of this action 14 days after the filing date

2  of this order in accordance with Local Rules W.D. Wash. LCR 3(i).

3         Dated this 24th day of November, 2025.

_____
JAMES L. ROBART
United States District Judge